UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------x

CHRISTOPHER BATES,

Plaintiff,

vs.

The PORT AUTHORITY OF NEW YORK AND NEW JERSEY, and JOHN DOES, in their individual and official capacities,

Defendants.

----------------------------------------------------------x

**COMPLAINT**

**23 CV 10160**

**ECF Case**

**JURY TRIAL DEMANDED**

Plaintiff Christopher Bates, by his attorney, Cyrus Joubin, complaining of the Defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. This action arises from various civil rights violations against Plaintiff Christopher Bates by Port Authority of New York and New Jersey ("Port Authority") police officers. Plaintiff asserts constitutional claims pursuant to 42 U.S.C. § 1983 ("Section 1983") against the individual defendants for false arrest, malicious prosecution, denial of the right to a fair trial, failure to intervene, and violation of procedural due process. Additionally, Plaintiff asserts analogous claims under New York State and New York City Law against the individual defendants, and against the Port Authority, under the doctrine of *respondeat superior*. Plaintiff seeks compensatory and punitive damages, declaratory relief, costs, disbursements, and attorney's fees pursuant to applicable state, municipal, and federal civil rights law.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (a)(3) and (a)(4), this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

3. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all non-federal claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy which gives rise to the federally based claims and causes of action.

## VENUE

4. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because the acts complained of occurred in this district.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury on each and every one of his claims as pled herein, pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff is a black male residing in Manhattan, New York.

7. Defendant Port Authority is a governmental entity organized under the laws of New York and New Jersey and authorized by the Congress of the United States.

8. As authorized by law, Defendant Port Authority maintains a police department, the Port Authority Police Department ("PAPD"), which acts as its agent and for which it is ultimately responsible.

9. At all relevant times, Defendant Port Authority, acting through the PAPD, was responsible for the policy, practice, supervision, implementation, and conduct of all PAPD matters and was responsible for the appointment, training, supervision, discipline, retention, and conduct of all PAPD personnel, including police officers, detectives, supervisory officers as well as Defendants John Does.

10. At all relevant times, Defendant Port Authority was responsible for enforcing the rules of the PAPD and for ensuring that PAPD personnel obey the laws of the United States, the State of New York, and the City of New York.

11. Defendants John Does (collectively, the "individual defendants") are and were at all times relevant herein officers, employees and agents of Defendant Port Authority.

12. Each individual defendant is sued in his individual and official capacity. At all times mentioned herein, each individual defendant acted under the color of state law, in the capacity of an officer, employee, and agent of Defendant Port Authority.

## NOTICE OF CLAIM

13. Plaintiff served a Notice of Claim on Defendant Port Authority on December 19, 2022. At least 60 days have elapsed between the filing of this complaint and service of the Notice of Claim.

## STATEMENT OF FACTS

14. On August 16, 2022, at around 5:30 p.m., Plaintiff was walking near 40th Street and 8th Avenue.

15. Around that time and place, a group of PAPD officers, who were in the process of arresting, restraining, and / or treating another individual, suddenly grabbed Plaintiff as he walked by and arrested him.

16. Plaintiff had done nothing unlawful or suspicious to justify being arrested and detained.

17. While detaining Plaintiff at their precinct, the arresting PAPD officers – Officers John Does – decided to criminally charge Plaintiff, and they forwarded false allegations to the Manhattan District Attorney's Office.

18. After being detained at the PAPD precinct, Plaintiff was transported to Central Booking in lower Manhattan, where he was detained in a series of holding cells for numerous hours awaiting his arraignment.

19. Plaintiff should have been released from the PAPD precinct with an "appearance ticket" because as of January 1, 2020, due to New York's Bail Elimination Act of 2019 – specifically the amendment of N.Y. Criminal Procedure Law Section 150.20) ("CPL 150.20") – law enforcement officers are required to issue an "appearance ticket" to almost all people arrested for misdemeanor offenses, unless certain exceptions apply, as delineated in CPL 150.20(1)(b)(i-viii) ("An officer is not required to issue an appearance ticket if [] (i) the person has one or more outstanding…warrants; (ii) the person has failed to appear in court proceedings in the last two years…."). In amending CPL 150.20, the New York legislature replaced the word "may" with "shall," creating a mandatory appearance ticket rule.

20. By its express terms, the Bail Elimination Act of 2019 had the following "Purpose": "To end the use of monetary bail, reduce unnecessary pretrial incarceration

and improve equity and fairness in the criminal justice system." *See* Bill Number S2101A, available at: www.nysenate.gov/legislation/bills/2019/s2101.

21. Plaintiff was eligible for a mandatory appearance ticket under the express terms of CPL 150.20.

22. About twenty-four hours after his arrest, Plaintiff was arraigned in New York County Criminal Court on Docket No. CR-021807-22NY.

23. Plaintiff was charged with Obstructing Governmental Administration in the Second Degree (under New York Penal Law ("PL") § 195.05), Attempted Assault in the Third Degree (PL §§ 110 / 12000), and Harassment in the Second Degree (PL § 240.26(1)).

24. These criminal charges were based on the fabricated allegations of a PAPD officer identified on the criminal court complaint as "J Gonzalez, Shield #0."

25. According to the criminal court complaint, Officer Gonzalez falsely stated that on August 16, 2022, at 5:38 p.m., at 625 8th Avenue in Manhattan, he "observed" Plaintiff "spray an unknown liquid substance" on his face, and he further falsely stated that he recovered a "plastic bottle" from Plaintiff.

26. Plaintiff had actually done nothing aggressive or unlawful toward any Port Authority officer, and he did not possess any bottle or spray.

27. After being arraigned, Plaintiff was released on his own recognizance, but he was ordered by the presiding judge to return to criminal court on a future date, otherwise a warrant would be issued for his arrest.

28. After being ordered to appear in criminal court on two occasions, the prosecution against Plaintiff was dismissed and sealed on November 28, 2022.

**DAMAGES**

29. As a direct and proximate cause of the said acts of Defendants, Plaintiff suffered the following injuries and damages:

a. Violation of his constitutional rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution;

b. Loss of liberty;

c. Emotional trauma, distress, degradation, and suffering.

## SECTION 1983 CLAIMS

### FIRST CLAIM

**False Arrest Under Section 1983**

30. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

31. By the actions described above, Defendants deprived Plaintiff of his federal civil rights, including his Fourth Amendment right to be secure in his person against unreasonable searches and seizures, specifically his right to be free from false arrest.

32. As detailed above, the individual defendants intentionally arrested and detained Plaintiff without probable cause, without a warrant, without privilege or consent.

33. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

### SECOND CLAIM

**Procedural Due Process Under Section 1983**

34. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

35. By the actions described, the Defendants deprived Plaintiff of his Fourteenth Amendment right to due process of law.

36. Rather than release Plaintiff with an appearance ticket – as required by New York State law (CPL 150.20), thereby conferring a liberty interest in being released – the individual defendants, exercising arbitrary discretion rather than following a process, prolonged Plaintiff's detention by keeping him detained and transferring him to Central Booking to await arraignment.

37. As a direct and proximate result of the aforementioned conduct of the individual defendants, Plaintiff sustained the damages and injuries hereinbefore alleged.

## THIRD CLAIM

### Denial of the Right to a Fair Trial Under Section 1983

38. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

39. By the actions described, the Defendants deprived Plaintiff of his Fourth, Fifth, and Fourteenth Amendment rights to a fair trial.

40. The individual defendants deliberately forwarded fabricated information to the Manhattan District Attorney's Office.

41. As a direct and proximate result of the aforementioned conduct of the individual defendants, Plaintiff sustained the damages and injuries hereinbefore alleged.

## FOURTH CLAIM

### Malicious Prosecution Under Section 1983

42. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

43. By the actions described above, Defendants deprived Plaintiff of his Fourth Amendment right to be secure in his person against unreasonable searches and seizures, specifically his right to be free from malicious prosecution.

44. As detailed above, the individual defendants intentionally and maliciously initiated a criminal prosecution against Plaintiff without probable cause – a prosecution that terminated in Plaintiff’s favor when all criminal charges against him were dismissed.

45. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

## FIFTH CLAIM

### Failure to Intervene Under Section 1983

46. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

47. Each and every individual defendant had an affirmative duty to intervene on Plaintiff's behalf to prevent the violation of his constitutional rights by other law enforcement officers.

48. The individual defendants failed to intervene on Plaintiff's behalf to prevent, end, or truthfully report the violations of his constitutional rights despite knowing about such violations and having had a realistic opportunity to do so.

49. As a direct and proximate result of the aforementioned conduct of the individual defendants, Plaintiff sustained the damages and injuries hereinbefore alleged.

## PENDENT STATE CLAIMS

## FIRST CLAIM

### False Imprisonment under N.Y. State Law

50. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

51. The individual defendants intentionally arrested and detained Plaintiff without probable cause, without a warrant, and without privilege or consent.

52. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

## SECOND CLAIM

### Malicious Prosecution Under N.Y. State Law

53. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

54. As detailed above, the individual defendants intentionally and maliciously initiated a prosecution against Plaintiff without probable cause. The prosecution terminated in Plaintiff's favor when all charges against him were dismissed.

55. As a direct and proximate result, Plaintiff sustained the damages and injuries hereinbefore alleged.

## THIRD CLAIM

### Right of Security Against Unreasonable Search and Seizure and Excessive Force Under New York City Administrative Code

56. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

57. As detailed above, the individual defendants intentionally violated Plaintiff's right to be secure against unreasonable seizures and malicious prosecution in violation of New York City Administrative Code Title 8, Chapter 8: The Right of Security Against Unreasonable Search and Seizure and Against Excessive Force Regardless of Whether Such Force Is Used In Connection with a Search or Seizure. § 8-803 Civil action for deprivation of rights.

58. As a direct and proximate result, Plaintiff sustained the damages and injuries hereinbefore alleged.

## FOURTH CLAIM

**Negligent Hiring/Training/Retention of Employment Services Under N.Y. State Law (Against Defendant Port Authority)**

59. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

60. Defendant Port Authority owed a duty of care to Plaintiff to prevent the violations and abuse sustained by Plaintiff.

61. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

62. Defendant Port Authority knew or should have known through the exercise of reasonable diligence that the individual defendants could potentially cause harm.

63. Defendant Port Authority's negligence in hiring, screening, training, disciplining and retaining the individual defendants proximately caused Plaintiff's injuries.

64. As a result of its negligent conduct, Defendant Port Authority has directly and proximately caused the damages and injuries hereinbefore alleged.

## FIFTH CLAIM

### Respondeat Superior Under N.Y. State Law

65. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

66. Defendant Port Authority is the employer of the individual defendants.

67. Under the doctrine of *respondeat superior*, the Defendant Port Authority is responsible for the wrongdoing of its employees acting within the scope of their employment.

68. As a direct and proximate result of the acts of the individual defendants detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands the following relief jointly and severally against the Defendants:

a. An order awarding compensatory damages for Plaintiff Christopher Bates in an amount to be determined at trial;

b. An order awarding punitive damages in an amount to be determined at trial;

c. An order declaring that Plaintiff's right to procedural due process was violated by Defendants' failure to issue Plaintiff an appearance ticket under N.Y. Criminal Procedure Law Section 150.20.

d. A court order, pursuant to 42 U.S.C. § 1988, that Plaintiff is entitled to reasonable attorney's fees, costs and disbursements; and

e. Such other and further relief as this Court may deem appropriate.

DATED: November 19, 2023
New York, New York

CYRUS JOUBIN, ESQ.
43 West 43rd Street, Suite 119
New York, NY 10036
(703) 851-2467
joubinlaw@gmail.com
Attorney for Christopher Bates